# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# BRYSON CITY DIVISION
# 2:05CR219

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Vs. ) | **ORDER** |
| ) | |
| JAMES RANDALL MARTIN. ) | |
| ) | |

**THIS CAUSE** coming on to be heard and being heard before the undersigned, pursuant to a motion filed by the defendant on January 3, 2007 (#9) requesting that the court appoint a substitute attorney in place and stead of defendant's appointed counsel, William Andrew Jennings. Upon the call of this matter on for hearing, it appeared that the defendant was present, that his attorney Ms. Jennings was present and that the Government was represented by Assistant United States Attorney, Richard Edwards and from the statements of the defendant and Mr. Jennings and the records in this cause, the court makes the following findings:

**Findings:** On September 6, 2006 a petition for warrant or summons was filed in the above entitled matter by United States Probation Officer, Mark D. Corbin. In the petition, Officer Corbin alleged that the defendant had violated terms and conditions of pretrial release. The defendant had received an active sentence of imprisonment on December 19, 2002 in United States District Court for the Western District of Texas. The defendant had been sentenced as a result of his conviction or plea of guilty to aiding & abetting possession with intent to sell and distribute marijuana and aiding & abetting possession with intent to distribute cocaine. After completing an active sentence of

imprisonment, the defendant was placed on supervised release. On January 12, 2004 the defendant was released to the Western District of North Carolina to begin serving his period of supervised release.

In the petition, Officer Corbin alleged that the defendant had violated the condition of supervision that states: "the defendant shall refrain from excessive use of alcohol and shall not unlawfully purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as duly prescribed by a license physician". In the petition, Officer Corbin alleged that the defendant has positive test for use of methamphetamine on July 12, 2004, July 14, 2005, March 7, 2006, and August 16, 2006.

Mr. Jennings advised the court that after he had been appointed to represent the defendant, that he thought it would be his best counsel to the defendant that the defendant be detained and be allowed to participate in the Jail Based Inpatient Treatment Program and upon his completion of the program, Mr. Jennings intended to file a motion to ask the court to reconsider the issue of detention. Mr. Jennings further advised that this matter was originally set for hearing before the District Court on January 4th but that Mr. Jennings had to file a motion for a continuance and the matter was now set for hearing before the District Court on February 6, 2007.

The defendant stated that Mr. Jennings had not been to talk to him and that he had no contact whatsoever from Mr. Jennings from and after October 23, 2006. In the motion

of the defendant he had further stated that the defendant had tried to contact Mr. Jennings by letter and that the defendant's parents had called Mr. Jennings' office and had tried to talk to Mr. Jennings and had faxed and emailed Mr. Jennings. The defendant further advised that he had successfully completed the Jail Based Inpatient Treatment Program.

**Discussion:** An indigent defendant has no right to have a particular lawyer represent him or her and can demand a different appointed attorney only with good cause. United States v Allen, 789 F.2d 90, 92 (1st Cir. 1986). The determination of whether or not the motion for substitution of counsel should be granted is within the discretion of the trial court and the court is entitled to take into account the countervailing state interest in proceeding on schedule. Morris v Slappy, 461 U.S. 1 (1983). Considering the motion herein, the undersigned has considered the following factors: (A) The timeliness of the defendant's motion; (2) Inquiry as to the reasons why the defendant does not wish for Mr. Jennings to represent him further; and (3) Whether or not there is such a conflict between the defendant and Mr. Jennings that is so great that it has resulted in a total lack of communication preventing an adequate defense. United States v Gallop, 838 F.2d 105 (4th Cir. 1988).

The motion in this matter was filed on January 3rd and was heard by the undersigned on January 5, 2007. At the time of the hearing of the defendant's motion, the undersigned has been advised there now remains only approximately 30 days until the hearing of the petition before the District Court which is scheduled for February 6, 2007. The undersigned does not consider that there is sufficient time for a new attorney to be prepared to represent

3

the defendant on February 6, 2007. As a result, this factor must be weighed against granting the defendant's request.

The undersigned has inquired as to the reasons for the conflict between the defendant and his attorney. After hearing from both Mr. Jennings and the defendant it appears that it was Mr. Jennings opinion that there was not a compelling reason for him to either be in contact or go and see the defendant. On the other hand, it is the opinion of the defendant that he needed to see Mr. Jennings and to discuss this matter with Mr. Jennings. The undersigned has considered and weighed the fact that there is not going to be an actual trial in which guilt or innocence is to be found in this case. This matter is to be before the District Court on a petition alleging that the defendant has violated terms and conditions of pretrial release by using a controlled substance. Indeed, the petition alleges that the defendant submitted to urinalysis test on July 12, 2004 that tested positive for amphetamine and methamphetamine. That he was tested on July 14, 2005 at which time he tested positive for amphetamine, methamphetamine and marijuana. That he was tested on March 7, 2006 at which time he tested positive for the use of amphetamine and methamphetamine and that in a test performed on August 16, 2006 the defendant tested positive for use of methamphetamine, amphetamine, MDA and marijuana. A positive result for any one of those test or any combination thereof could result in an order by the District Court finding that the defendant has violated terms and conditions of supervised released and ordering the defendant to serve a period of incarceration. Although not condoning Mr. Jennings not returning calls from the defendant

or the defendant's parents it does not appear that such failure to return calls or to travel to discuss the matter with the defendant has resulted in such a degree of conflict that Mr. Jennings and the defendant cannot present an adequate defense. As stated above, there may not be any defense that can be presented. Mr. Jennings is an attorney who appears regularly before the District Court and who can present such a defense, if such exists. After considering all the factors, it appears there is little time before hearing within which to appoint other counsel who has knowledge of the case that Mr. Jennings possesses and that as a result of the inquiry made by the undersigned, the undersigned cannot find a reason for the appointment of another attorney that cannot be satisfied by directing Mr. Jennings to go and visit the defendant and communicate with the defendant and the defendant's parents. The undersigned further finds there does not appear to be such a lack of communication between Mr. Jennings and the defendant that would prevent an adequate defense being presented if Mr. Jennings is directed and ordered to communicate with the defendant and the defendant's parents so that a defense can be prepared by February 6, 2007.

Based upon the foregoing, the undersigned has determined to enter an order denying the defendant's motion (#9) to substitute counsel.

## ORDER

**IT IS, THEREFORE, ORDERED** that the motion of James Randall Martin which is in the form of a letter (#9) is hereby **DENIED**. It is further **ORDERED** that Mr. Jennings, at his earliest possible convenience, go to the detention facility where the defendant is being

held and that Mr. Jennings and the defendant meet together and determine whether any defense can be raised to the allegations in the petition or any one of those allegations and further, after consultation with the defendant, Mr. Jennings and the defendant make a determination as to whether they wish to be heard as to any motion to release the defendant pending hearing on the petition.

    Signed: January 11, 2007

*[signature: Dennis L. Howell]*

Dennis L. Howell
United States Magistrate Judge